1
2
3
4

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

5

6    RICHARD ARLEY FISHER,

7                              Petitioner,

8           v.

9    JEFFERY PERKINS,

10                          Respondent.

Case No. 3:24-cv-05484-BHS-TLF

REPORT AND
RECOMMENDATION

Noted for January 21, 2025

11          This matter comes before the Court on a habeas corpus petition under 28 U.S.C.

12   § 2254, challenging petitioner's conviction for three counts of first degree child

13   molestation, one count of attempted first degree child rape, two counts of first degree

14   rape of a child, two counts of second degree rape of a child, two counts of third degree

15   rape of a child, two counts of third degree child molestation, one count of second

16   degree rape, one count of indecent liberties, and one count of sexual exploitation of a

17   minor. Dkt. 14-1 at 1.

18          Mr. Fisher presents four grounds: (1) separation of powers Doctrine Violation of

19   USCS Cont. Art. II § 3 National Treasury Employees Union v. Nixon, 492 F.2d 587; (2)

20   Privileges and Immunities Clause Violation of Fourteenth Amendment to Constitution.

21   See: Appendix A; (3) Equal Protection Clause. See: Appendix "A" Violation of Due

22   Process and Equal Protection under 5th and 14th Amend.; Bill of Attainder (Art. 1 § 9,

23   CL3; Art 1 § 10, CL1) See: Appendix: "A." Dkt. 14-1 at 5, 7, 8.

24
25

REPORT AND RECOMMENDATION - 1

For the reasons below, the petition should be DISMISSED and the certificate of appealability (COA) should be DENIED.

BACKGROUND

I. Procedural History

On March 2, 2018, Clark County Superior Court entered judgment and sentence on three counts of child molestation in the first degree, one count of attempted rape of a child in the first degree, two counts of rape of a child in the first degree, two counts of rape in a child in the second degree, two counts of rape of a child in the third degree, two counts of child molestation in the third degree, one count of rape of a child in the third degree, one count of indecent liberties (with forcible compulsion), and one count of sexual exploitation of a minor following a jury verdict. Dkt. 16-1, Ex. 1, Judgment and Sentence, Clark County Cause No. 16-1-02748-2. Mr. Fisher was sentenced to 480 months to life and the Court imposed additional community custody requirements and legal financial obligations. *Id*.

Mr. Fisher filed a direct appeal to the Washington Court of Appeals. Dkt. 16-1, Ex. 4, Brief of Appellant, Court of Appeals Cause No. 51565-2-II. On July 30, 2019. The Washington Court of Appeals affirmed the convictions and the sentence of confinement but remanded for the superior court to correct the sentences as to conditions of community custody and legal financial obligations. Dkt. 16-1, Ex. 3, Court of Appeals Cause No. 51565-2-II. Mr. Fisher did not seek review by the Washington Supreme Court. On October 23, 2019, the Washington Court of Appeals issued the mandate. Dkt. 16-1, Ex. 8, Mandate, Court of Appeals Cause No. 51565-2-II.

On December 18, 2019, the Clark County Superior Court resentenced Mr. Fisher in accordance with the appellate court mandate. Dkt. 16-1 at 26, Ex. 2, Order Amending

1  Felony Judgment and Sentence. Mr. Fisher did not appeal from the order amending the
2  judgment and sentence.

3         On August 4, 2023, Mr. Fisher filed a personal restraint petition ("PRP") in the
4  Washington Court of Appeals. Dkt. 16-1 at 91, Ex. 9, Personal Restraint Petition, Court
5  of Appeals Cause No. 58482-4-II. On January 9, 2024 the Washington Court of Appeals
6  dismissed the petition as untimely under Washington law. Dkt. 16-1, Ex. 10, Order
7  Dismissing Petition and Denying Motion for Appointment of Counsel, Court of Appeals
8  Cause No. 58482-4-II. On January 24, 2024, Mr. Fisher moved for discretionary review
9  to the Washington Supreme Court. Dkt. 16-1, Ex. 11, Motion for Discretionary Review,
10 Supreme Court Cause No. 102744-3. On March 14, 2024, the Commissioner of the
11 Washington Supreme Court denied review. Dkt. 16-1, Ex. 12, Ruling Denying Review,
12 Supreme Court Cause No. 102744-3.

13        On June 5, 2024, Mr. Fisher moved to modify the Commissioner's ruling. Dkt. 16-
14 1, Ex. 13, Motion to Modify, Supreme Court Cause No. 102744-3. On June 5, 2024 the
15 Washington Supreme Court denied the motion without comment. Dkt. 16-1, Ex. 14,
16 Order, Supreme Court Cause No. 102744-3. On June 6, 2024 the Washington Court of
17 Appeals issued a certificate of finality. Dkt. 16-1, Ex. 15, Certificate of Finality, Court of
18 Appeals Cause No. 58582-4-II.

19        Mr. Fisher filed the current petition on June 18, 2024. Dkt. 1.

20 II.  Time Bar under 28 U.S.C. 2244(d)

21        Respondent argues that the federal habeas corpus petition is time barred. Dkt.
22 15 at 5-7.

23        There is a one-year time limit to file a Section 2254 federal habeas corpus
24 petition, under 28 U.S.C. § 2244(d)(1)(A): "[t]he limitation period shall run from . . . the

25

date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." For purposes of 28 U.S.C. § 2244(d)(1)(A), direct review would normally conclude and the judgment would be final either – upon the expiration of the time for petitioning for writ of certiorari with the United States Supreme Court, or when the Court rules on a timely filed petition for certiorari. *Bowen v. Roe*, 188 F.3d 1157, 1158-59 (9th Cir. 1999).

In Washington, the deadline for filing a notice of appeal is 30 days after the entry of the decision of the trial court. Wash. RAP 5.2(a). If a petitioner does not file a direct appeal within the deadline provided by the Washington Rules of Appellate Procedure, then under the federal statute of limitations for habeas corpus the state court judgment becomes final at the end of the thirty-day period. *See id*; 28 U.S.C. § 2244(d)(1)(A).

The federal limitation period may run from a later date under the following circumstances: first, it may run from the date an impediment is removed — an impediment created by State action in violation of the Constitution or laws of the United States – if the applicant was prevented from filing by such State action. 28 U.S.C. § 2244(d)(1)(B); second, it may run from the date the United States Supreme Court recognizes a new constitutional right that the Supreme Court makes retroactive to cases on collateral review. 28 U.S.C. § 2244(d)(1)(C); third, it may run from the date the factual predicate of the claim presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1)(D).

Additionally, "[t]he time during which a *properly filed* application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is

pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2) (emphasis added).

Here Mr. Fisher's judgment and sentence became final on January 17, 2020, 30 days after December 18, 2019, when the superior court resentenced him in accordance with the appellate court mandate – and he did not appeal. Wash. RAP 5.2(a); Dkt. 16-1 at 26, Ex. 2, Order Amending Felony Judgment and Sentence, Clark County Cause No. 16-1-02748-2. The federal statute of limitations began to run on January 17, 2020 and expired on January 19, 2021. 28 U.S.C. § 2244(d)(1)(A).

Mr. Fisher filed his PRP in the Washington Court of Appeals on August 4, 2023, more than two years after the federal statute of limitations expired. Dkt. 16-1 at 91, Ex. 9, Personal Restraint Petition, Court of Appeals Cause No. 58482-4-II. Mr. Fisher's petition was dismissed as untimely. Mr. Fisher sought discretionary review in the Washington Supreme Court, and the Court denied review. Dkt. 16-1, Ex. 12, 13, 14. While bringing a PRP could toll the federal statute of limitations while the petition remains pending, here, Mr. Fisher filed the PRP after the deadline of one-year under Washington law, and after the federal statute of limitations had expired, *see Ferguson v. Palmateer,* 321 F.3d 820, 823 (9th Cir. 2003) (state court petition did not toll the federal statute of limitations, because the state court petition was filed after the federal statute of limitations expired); because the PRP was untimely this its filing had no effect on the Section 2244 statute of limitations. *See Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005) (filing of untimely state court application for collateral review does not toll the statute of limitations for filing a federal habeas petition under 28 U.S.C. 2244(d)(2)).

III.  Equitable Tolling

The AEDPA limitations period is also subject to equitable tolling where the petitioner pursued his rights diligently and "some extraordinary circumstance stood in his way." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal quotations omitted). To receive equitable tolling, a petitioner at the very least must show the extraordinary circumstances "were the but-for and proximate cause of his untimeliness." *Ansaldo v. Knowles*, 143 Fed. App'x. 839, 840 (9th Cir. 2005).

Mr. Fisher has not established "extraordinary circumstances" here. He argues that he is in custody in violation of the constitution because the statutes he was convicted under are unconstitutional. Dkt. 14-1. As discussed above, the federal statute of limitations on Mr. Fisher's convictions expired on January 19, 2021, more than three years before he filed the federal habeas corpus petition on June 18, 2024. Mr. Fisher does not identify any external circumstances that prevented him from filing a timely petition or show that he was pursuing his rights diligently.

Therefore, Mr. Fisher fails to show that he is entitled to equitable tolling, and his claims are barred by AEDPA's limitation period.[1] His federal habeas petition should be dismissed with prejudice.

EVIDENTIARY HEARING

The decision to hold an evidentiary hearing is committed to the Court's discretion. *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007). "[A] federal court must

---

[1] Respondent also contends the petition is procedurally barred because he did not timely exhaust state remedies and under state law he would be precluded from litigation the claims in Washington State Courts. *See* Dkt. 15, Respondent's Answer and Memorandum of Authorities, at 8-9. Because the petition is barred by the federal statute of limitations, the Court need not address these other reasons for dismissing the petition.

REPORT AND RECOMMENDATION - 6

consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." *Id.* at 474. In determining whether relief is available under 28 U.S.C. § 2254(d)(1), the Court's review is limited to the record before the state court. *Cullen v. Pinholster*, 563 U.S. 170 (2011). A hearing is not required if the allegations would not entitle Petitioner to relief under §2254(d). *Landrigan*, 550 U.S. at 474. "It follows that if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." *Id.*; *see Pinholster*, 563 U.S. 170. The Court finds it is not necessary to hold an evidentiary hearing here because Mr. Fisher's claim may be resolved on the existing state court record.

<u>CERTIFICATE OF APPEALABILITY</u>

If the Court adopts the undersigned's Report and Recommendation, it must determine whether a COA should issue. Rule 11(a), Rules Governing Section 2254 Cases in the United States District Courts ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."). A COA may be issued only where a petitioner has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2)-(3). A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

The undersigned recommends that petitioner not be issued a COA. No jurist of reason could disagree with the above evaluation of his constitutional claims or conclude that the issues presented deserve encouragement to proceed further. Petitioner should

address whether a COA should issue in his written objections, if any, to this Report and Recommendation.

<u>CONCLUSION</u>

Based on the foregoing discussion, the undersigned recommends that the Court dismiss the petition for writ of habeas corpus with prejudice. A proposed order and proposed judgment are attached.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties will have fourteen (14) days from service of this report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of de novo review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the Clerk is directed to set the matter for consideration on January 21, 2025 as noted in the caption.

Dated this 3rd day of January, 2025.

Theresa L. Fricke
United States Magistrate Judge

REPORT AND RECOMMENDATION - 8